## SETTLEMENT OF A LAW PARTNERSHIP BY ARBITRATION.

Circuit Court of Cuyahoga County.

GEORGE H. FOSTER v. FRANK C. HARTMAN.

Decided, June 24, 1912.

*Pleading and Practice—Prayer of Petition Does Not Determine Nature of Action—When Precipe Need Not State Amount Claimed—Arbitration and Award—Award when Several Parties are Involved may be Severable—Decision of Arbitrator Only Impeachable for Fraud.*

1. The fact that the prayer of a petition prays for equitable relief does not change the character of an action, where the facts set forth state an action for money only, as in an action for the amount awarded by an arbitrator.
2. Where the defendant answers and an action is tried on its merits, it is not material that plaintiff failed to state in his precipe the amount of money claimed.
3. When several partners have submitted differences to arbitration and the award made is of such a nature as to be capable of division or separation, it may be enforced as to certain partners and rejected as to others.
4. The decision of an arbitrator, where a dispute has been fairly submitted to him, is final, and, in the absence of fraud or such manifest mistake as naturally works a fraud, it is binding upon the parties.

NIMAN, J.; METCALFE, J., and POLLOCK, J. (sitting in place of Judges Marvin and Winch), concur.

The plaintiff in error seeks by this proceeding to reverse a judgment rendered against him in the court of common pleas in favor of the defendant in error. No bill of exceptions has been filed and on the hearing a motion was made by the defendant in error to dismiss the petition in error for the reason that

the questions raised could not be passed upon without a bill of exceptions.

The errors complained of, however, are such as may be considered by an inspection of the pleadings and the record of the cause, as disclosed by the transcript of the docket and journal entries before us.

From the pleadings, the following state of facts appear:

On the 15th day of June, 1906, G. H. Foster and E. J. Foster, defendants below, and Frank C. Hartman, plaintiff below, entered into a co-partnership agreement for the practice of law. The partnership continued until July 31, 1909, when the firm was dissolved by mutual consent. Thereafter differences arose between the former partners concerning the settlement of the financial affairs of the firm, which resulted in an agreement between them to submit the matters in dispute to arbitration. The written agreement to arbitrate, after reciting that differences had arisen between the former members of the firm, and that such differences could not be settled between them, provided that they should submit their differences to Sam. M. Parks, and all checks, book accounts, ledgers, receipts, vouchers, and the partnership agreement, and such other matters of evidence that either party might desire to submit, should be placed in his hands upon the signing of the agreement.

The arbitration agreement further provided that the finding of the arbitrator should be final and whatever was found to be due from one to the other should be paid in cash.

The arbitrator heard the matters submitted to him, and, in his award, found that George H. Foster should account for and pay to Frank C. Hartman the sum of eight hundred and forty-eight and 02/100 dollars, and that E. J. Foster was indebted to the said Frank C. Hartman in the sum of five hundred and seventy-six and 95/100 dollars.

These sums due to Frank C. Hartman were not paid. The action, out of which this proceeding in error arises, was begun in the court of common pleas by said F. C. Hartman against the said George H. Foster and E. J. Foster. The plaintiff in his amended petition sets forth the partnership agreement, the sub-

mission of the differences between the plaintiff and defendants to arbitration, and the award made by the arbitrator.

The prayer of the petition, in so far as it needs to be noticed here, is:

"That the court confirm the finding of said arbitrator and grant such other and further relief as the plaintiff may be entitled to receive."

The defendants answered to the amended petition, and the plaintiff replied thereto. Upon the trial of the case, no jury was demanded by either party and the cause was heard to the court. Judgment was rendered for the plaintiff against the defendant, George H. Foster, in sum of eight hundred and forty-eight and 02/100 dollars, with interest from the 10th day of October, 1910, but the court found that no evidence was offered or submitted to the arbitrator upon any controversy between the defendant, E. J. Foster, and the other parties to the agreement of arbitration, or either of them, and that the finding as to said defendant, E. J. Foster, was null and void, and the same was vacated and set aside.

The first claim of error relied upon by the plaintiff in error for a reversal is that: The amended petition states no facts entitling the plaintiff to equitable relief asked for by him and that the court was without power to render a judgment for money only thereunder.

The action being founded upon the failure of the defendants to pay the respective amounts awarded against them under an agreement of arbitration, was in effect an action for the recovery of damages for breach of contract and was therefore an action at law and not an equitable action.

The prayer of the amended petition is one appropriate to a petition seeking equitable relief, but it has been held repeatedly that the prayer of a petition does not determine the nature of the relief to which the plaintiff is entitled. If the facts pleaded constitute an action at law, the nature of the action is not changed by reason of the fact that the prayer is for equitable relief, and, in this case, the amended petition is sufficient to sustain a judgment rendered in favor of the plaintiff, unless the failure of the

plaintiff to state the amount of his claim in the prayer of his amended petition and his failure to state the amount sought to be recovered in the precipe, invalidates such judgment.

The provision of the statute, Section 11281, General Code, is:

"When the action is for the recovery of money only, there must be indorsed on the writ the amount stated in the precipe, for which, with interest, judgment will be taken if the defendant fails to answer. If the defendant fails to appear, judgment shall not be rendered for a larger amount, and the costs."

*This provision of the statute can have no application when the defendant answers, and the action is tried on the merits.* In such a case, the defendant can not possibly be prejudiced in any way by the non-compliance of the plaintiff with the statute referred to.

A second ground of error is based upon the fact that the trial court rendered judgment against the defendant, G. H. Foster, and dismissed the cause as to the defendant, E. J. Foster.

It is contended for the plaintiff in error that the award of an arbitrator is an entirety, and that it must all stand or all fall. We conceive it to be the law, however, that if the award is of such a nature as to be capable of division or separation, the principle contended for is not applicable.

In *Morse on Arbitration and Award*, p. 453, it is stated:

"Since the days of King James the First, the characteristic of divisibility has been recognized as inherent in the award under certain circumstances. An award may often be good in part and bad in part. In such event, if the good portion be complete in itself, and be wholly separable from and independent of the bad part, it may be sustained. The bad part will be rejected. It will not be actually stricken out; but it will be simply set aside and disregarded."

Again, the author of the work above cited says, on page 478:

"Though it is not allowed to go outside the award to establish the propriety of separation, yet, in construing the award itself, it appears that the doctrine of favorable intendment in support of the award will be carried so far that, if an award be bad in part and good in part, it will be presumed that there is no connection between these parts unless the contrary is to be affirmatively gathered from the face of the award."

In the award in the case before us, there was a separate finding against each of the defendants. There is no apparent and no necessary connection between them. The finding against E. J. Foster may be rejected and still leave the finding against G. H. Foster undisturbed. The two findings are separable and the ground of error contended for is not well founded.

A third ground of error is claimed to exist because it is asserted the arbitrator did not confine himself to the matters submitted, but took into account, in arriving at his award, the salary of G. H. Foster as a member of the Soldiers and Sailors Relief Fund Committee.

In the report of the arbitrator, attached to the amended petition, it appears that the arbitrator charged the said George H. Foster with certain amounts received by him as salary as a member of the Soldiers and Sailors Relief Fund Committee. It is a well established principle of law that the award of an arbitrator must correspond to the submission; but it does not appear from the award under consideration that this principle of law has been violated. It must be presumed that the arbitrator took the salary of George H. Foster, as a member of the Soldiers and Sailors Relief Fund Committee, into consideration because of some evidence submitted to him. He was made the final judge of all matters of fact and law, relating to matters in dispute between the parties to the agreement. We therefore hold that this claim of error is not well founded.

A fourth ground of error is based on the failure of the arbitrator to make any finding as to the state of matters between E. J. Foster and George H. Foster.

As this is a proceeding in which Frank C. Hartman seeks to recover from George H. Foster the amount awarded by the arbitrator, it would seem to be of no importance whether the arbitrator considered the state of the partnership account between George H. Foster and E. J. Foster, or not. Being a judge of the law and the facts under the arbitration agreement, the arbitrator found a certain sum due the plaintiff from the defendant, George H. Foster, and the fact that the arbitrator made no finding as between the two Fosters does not in any way impeach the finding made in favor of Mr. Hartman.

The argument is also made that, since the articles of partnership established certain mathematical apportionments by which profits were to be divided between the parties to the agreement, E. J. Foster could not be let out and another member be left, on which to base a finding against George H. Foster.

The answer to this is that, whatever the method the arbitrator employed in arriving at his award, his decision is final, and in the absence of fraud or such manifest mistake as naturally works a fraud, it is binding upon the parties and entitles the successful party to judgment thereon.  *Corrigan* v. *Rockefeller*, 67 O. S., 354.

We find no error prejudicial to the plaintiff in error and the judgment is affirmed.